[987 NYS2d 852]

In the Matter of JOHN B. STELLA (Admitted as JOHN BASIL STELLA), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 25, 2014

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

*Mischel & Horn, P.C.*, New York City (*Richard E. Mischel* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition containing a single charge of professional misconduct. After a preliminary conference on May 9, 2013, and a hearing conducted on June 4, 2013, and June 10, 2013, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and appropriate. The respondent has submitted a response and cross-moved to reopen the hearing to introduce additional mitigation evidence or, in the alternative, to confirm the Special Referee's report and impose a public censure. The respondent does not contest that the charge should be sustained.

The one charge alleges that the respondent is guilty of professional misconduct in that he has been convicted of a crime, in violation of rule 8.4 (b) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). On April 5, 2012, in the Criminal Court of the City of New York, New York County, the respondent pleaded guilty to failure to pay tax, in violation of former Tax Law § 1810, an unclassified misdemeanor. He was sentenced to a conditional discharge, fined $500, and directed to make restitution to New York State in the amount of $43,644. In addition, the sentence included a condition that the respondent timely file and pay all future taxes.

In view of the evidence adduced, and the respondent's admissions, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

Although the respondent does not contest the charge, he objects vigorously to various remarks made by the Special Ref-

eree, and requests that the hearing be reopened for the admission of additional mitigation evidence. The respondent claims that he was unduly restricted in his presentation of certain mitigation evidence. Upon our review of the record, including the Special Referee's remarks, we find that the additional mitigation evidence the respondent seeks to introduce would be cumulative to that already in the record, and would not alter the outcome of this proceeding. An adequate opportunity was afforded the respondent for the presentation of mitigation evidence.

The respondent was cautioned in 1998 and admonished in 2000, both times for failure to reregister with the Office of Court Administration. He is presently current with his reregistration fees.

We find no excuse for the respondent's misconduct, which consisted of failing to file tax returns and pay taxes for multiple years. However, in determining the appropriate measure of discipline to impose, the respondent asks that the Court consider the following mitigating factors: his remorse and acceptance of responsibility; his cooperation with the Grievance Committee's investigation; his excellent reputation in the legal community; his sentence in the criminal action of a conditional discharge; personal circumstances, including his battle with throat and neck cancer; and the placing of the financial needs of others over his own. The respondent was forced to close his law practice for approximately 1½ years due to serious illness. He has regained his health and recently resumed the practice of law.

In view of the mitigating circumstances, we find that a public censure is warranted.

ENG, P.J., MASTRO, RIVERA, SKELOS and BALKIN, JJ., concur.

Ordered that the Grievance Committee's motion to confirm the Special Referee's report is granted, the respondent's cross motion insofar as it seeks to confirm the Special Referee's report is granted, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, John B. Stella, is publicly censured for his professional misconduct.